**TEXARKANA MEMORIAL HOSPITAL, INC. d/b/a Wadley Hospital, Relator,**

v.

**Honorable Guy JONES, Judge, et al., Respondents.**

**No. B–6279.**

Supreme Court of Texas.

April 20, 1977.

Rehearing Denied May 18, 1977.

Atchley, Russell, Waldrop & Hlavinka, Victor F. Hlavinka, Texarkana, for relator.

Bader, Wilson, Menaker, Cox & Branson, Frank L. Branson, Dallas, Kronzer, Abraham & Watkins, W. James Kronzer and James Edward Robinson, Houston, for respondents.

REAVLEY, Justice.

Texarkana Memorial Hospital seeks a writ of mandamus to compel Honorable Guy Jones, Judge of the 202nd Judicial District, to withdraw his discovery order which requires the Hospital to produce the minutes of meetings of various Hospital groups. The question presented is the applicability and scope of Article 4447d, section 3, Vernon's Ann.Civ.St. Hospital asserts that this statute precludes discovery of all of the meeting minutes which it has been ordered to produce. Elton Tracy Reppond et al.,

plaintiffs in the suit where the discovery of the records has been ordered, argues that this statutory provision does not apply to documents relevant to the issues of a personal injury or wrongful death suit, or that if the statute is applicable, an exception provided in the statute permits discovery as ordered by the District Judge. We agree with the Hospital.

The Repponds instituted suit against Hospital and two doctors of the Hospital staff for injuries suffered by Elton Wayne Reppond, their infant son. The infant was born several weeks premature and was taken to Hospital where he allegedly was rendered blind due to prolonged overdoses of oxygen. The Repponds, pursuant to Rule 167, Texas Rules of Civil Procedure, sought discovery of the following items:

"I. The minutes of all Pediatric Section Meetings from;

(a) January 1, 1971 to August 10, 1973;

(b) August 10, 1973 to July 30, 1975;

(c) July 30, 1975 to present time.

"II. The minutes of any· other section meeting in which discussions occurred relative to blindness caused by excessive oxygen, the blood gas machine, or pertaining to drawing blood from patients in the nursery.

"III. The minutes of any other Pediatric Section meetings in which discussion occurred relative to the events which transpired during the treatment of Elton Wayne Reppond.

"IV. The minutes from the meetings of the General Medical Staff from:

(a) January 1, 1971 to August 10, 1973;

(b) August 10, 1973 to July 30, 1975;

(c) July 30, 1975 to present time.

"V. The minutes of the Board of Directors meetings concerning the purchase of equipment and facilities in the nursery."

The trial court, after a hearing and in-camera inspection of the materials, found that the items were records made by the medical staff of Hospital in accordance with hospital policy and were records maintained in the regular course of business. The trial court also found that Art. 4447d § 3 did not make the items privileged so as to preclude discovery. In conclusion the trial court stated that it was of "the opinion that in the case at bar such items are not protected from discovery and that the need for the production of said items, documents and things is of sufficient gravity and concern so as to justify a determination by the appellate court as to their discoverability. . . ."

■ Article 4447d, § 3 (Acts 1969, 61 St.Leg., p. 1719, ch. 568) provides as follows:

Sec. 3. The records and proceedings of any hospital committee, medical organization committee or extended care facility committee established under state or federal law or regulations or under the by-laws, rules or regulations of such organization or institution shall be confidential and shall be used by such committee and the members thereof only in the exercise of the proper functions of the committee and shall not be public records and shall not be available for court subpoena; provided, however, that nothing herein shall apply to records made or maintained in the regular course of business by a hospital or extended care facility. No physician, hospital, organization, or institution furnishing information, data, reports, or records to any such committee with respect to any patient examined or treated by such physician or confined in such hospital or institution shall, by reason of furnishing such information, be liable in damages to any person. No member of such a committee shall be liable in damages to any person for any action taken or recommendation made within the scope of the functions of such committee if such committee member acts without malice and in the reasonable belief that such action or recommendation is warranted by the facts known to him.

The Repponds argue that this 1969 enactment of the Legislature should be given a construction limited by the purpose of the statute which it amended. Article 4447d is entitled "Providing State Department of Health with Data on Condition and Treatment of Persons." Sec. 1 of that statute authorizes the release of information on the condition and treatment of patients to the State Department and other medical organizations for use in the study of diseases or for identification of persons needing immunization. It protects those persons providing this information from common law liability for unauthorized disclosure of information pertaining to the patients. Sec. 2 of the statute requires the organizations receiving the information to publish it only for the purpose of advancing medical research or education, and the identity of any person whose condition or treatment has been studied is to be confidential except for the purpose of identifying those persons who may be in need of immunization. It follows, according to the argument of the Repponds, that the restriction of Sec. 3 was intended by the Legislature to serve only a very limited purpose: the Legislature intended to exempt medical organizations from liability to the individual patient about whom information is collected while those organizations are engaged in medical research and education. For purposes of research and education the medical organizations are free to use the information and may not be forced to disclose it in a manner that would be objectionable to the individual patient. The Repponds conclude that there is no prohibition in this statute against a patient discovering information from the staff and committee deliberations which might be relevant to his grievances against the medical facility or its staff.

We do not read the provisions of the 1969 amendment (Sec. 3) as being applicable only to the manner and purpose of dissemination of information among medical organizations. The purposes of medical research and education, and the improvement of medical treatment, in any particular hospital or medical care facility is served by the free and uninhibited discussion of all events and experiences within the hospital or facility. The Legislature by this amendment must have intended to protect and encourage open and thorough review and investigation by making the records and proceedings of *any* such committee confidential and by expressly providing that they "shall not be available for court subpoena."

The Repponds also contend that the documents sought to be discovered come within the exception of Sec. 3 which allows discovery of "records made or maintained in the regular course of business." It is undisputed that the minutes of standing committees, clinical sections, general staff, and Board of Directors of Hospital are kept by the custodian of Hospital's records in the same manner as all other records. This construction asserted by the Repponds would have the Legislature specifically forbidding discovery of committee proceedings and then allowing their discovery because these minutes are kept with other records of the Hospital. It is not necessary to construe the enactment of the Legislature to be self-defeating. The clinical charts and other records made or kept for the individual patient can be easily distinguished from the minutes of Hospital committees.

We see it to be our responsibility to apply this statute exactly as the Legislature has written it. If the "records and proceedings of any hospital committee" are confidential and beyond the reach of court subpoena, then the deliberations of every group of persons constituted by the rules and bylaws of the hospital in its service is placed behind the veil. This includes the clinical departments, the standing committees, the general medical staff, and the Board of Directors. The proviso which permits discovery of "records made or maintained in the regular course of business" applies to the records kept in connection with the treatment of the individual patients as well as the business and administrative files and papers apart from committee deliberations. *Hood v. Phillips,* 537 S.W.2d 291 (Tex.Civ.App.1976, writ granted); *Karp v. Cooley,* 493 F.2d 408 (5th Cir.

1974); Hall, Hospital Committee Proceedings and Reports: Their Legal Status, 1 American Journal of Law and Medicine, 245, 274 (1975). The writing to the contrary in *French v. Brodsky*, 521 S.W.2d 670, 676 (Tex.Civ.App.1975, writ ref'd n. r. e.) is disapproved.

■ Nothing that is said in the statute or in this opinion would prevent the proof or discovery of matters otherwise permitted over the objection that such evidence has been previously presented to the Hospital committee. The presentation of evidence or opinion to a Hospital committee during its deliberations does not thereby make that evidence or opinion privileged if offered or proved by means apart from the record of the committee. The effect of the statute is simply to prevent the discovery and use of the records and proceedings of the committee.

We therefore hold that the statute prevents discovery of all of the items within the order of the trial court. The order must therefore be withdrawn. No writ need be issued unless the trial court fails to comply with this order.

McGEE and JOHNSON dissent with opinions.

## DISSENTING OPINION

McGEE, Justice.

I respectfully dissent.

The primary question presented in this case is the applicability and scope of Texas Revised Civil Statutes Annotated article 4447d, section 3, in precluding discovery of records kept by hospital organizations. Texarkana Memorial Hospital (Hospital) asserts that article 4447d, section 3, precludes discovery of such materials. Reppond, the plaintiff who is seeking the records, argues that section 3 is inapplicable in this situation or that if section 3 is applicable, the materials fall within an exception provided in section 3 and are discoverable. I would hold that article 4447d, section 3, precludes discovery of any records or minutes kept by hospital review organizations and precludes the discovery of any review organization reports or discussion of these reports appearing in any of the hospital records. I would hold, however, that the organizations from which the minutes are sought in this case are not review organizations.

The determination of what materials sought to be produced are discoverable requires a determination of what hospital organizations were included in the words "any hospital committee" as contained in article 4447d. I am aware that Webster's New International Dictionary, (2d ed.), defines committee as "a body of persons appointed or elected to consider, investigate, or take action upon, and usually to report concerning some matter of business, as by a court, legislative body or a number of persons." I do not believe the Texas Legislature intended to give relief from discovery to every hospital organization that could fit within the definition of a committee.

The limited judicial construction of section 3 is conflicting. In *Karp v. Cooley*, 493 F.2d 408 (5th Cir. 1974), *cert. denied*, 419 U.S. 845, 95 S.Ct. 79, 42 L.Ed.2d 73 (1975), the fifth circuit held that the reports and documents of a Baylor University College Investigating Committee were protected from court subpoena by section 3. The court stated that section 3 "protects from subpoena 'the records and proceedings' of any medical organization." 493 F.2d at 425. Two Texas courts of civil appeals have reviewed section 3 with conflicting results. In *French v. Brodsky*, 521 S.W.2d 670 (Tex. Civ.App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.), the court held that the records of the advisory board of a hospital were discoverable. The court stated that "the provisions of that statute, when read in their entirety, show that the purpose of the legislation is to restrict unauthorized use of data pertaining to patients examined or treated by physicians, hospitals or other institutions or organizations covered by the Act." 521 S.W.2d at 676. It is important to note that in *French* the court also relied on the fact that the custodian of the hospital records made no assertion of a privilege

under article 4447d, section 3. In *Hood v. Phillips*, 537 S.W.2d 291 (Tex.Civ.App.—Beaumont 1976, writ granted), the court held that records possessed by a doctor of earlier surgeries on other patients and records of the Board of Censors of the Harris County Medical Society were protected by article 4447d, section 3. The court stated that the evidence requested was not available, quoting article 4447d, section 3, and citing *Karp v. Cooley*, 537 S.W.2d at 295. The present case is distinguishable from these cases, and I do not consider them to be controlling of our question.

The legislative history of section 3 indicates what the Legislature intended by "any hospital committee." A bill analysis prepared by the sponsor of section 3 accompanied the section when it was passed by the Texas Legislature. The bill analysis states in pertinent part:

"Background:

At present, records kept by governing boards of hospitals in establishing admission to practice in such hospitals and insuring adequate staff organization to review professional practices not be [sic] kept since they are subject to subpoena by courts.

"Purpose of the Bill:

The purpose of this Bill is to make records of hospital *review committees* immune from court subpoena.

"Section by Section Analysis:

Section 1: This section amends Chapter 372, Acts of the 58th Legislature, Regular Session, 1963, by adding a new Section 3 which relates:

Section 3: This section provides that records kept by hospital *review boards* on evaluating the adequacy of their staff and its professional practices shall be kept confidential and immune from court subpoena." [Emphasis added].

I consider the language of the statute controlling and use the bill analysis only to assist in determining the legislative intent.

Careful reading of section 3 and the bill analysis discloses that the legislative intent in passing section 3 was two-pronged. First, the Legislature sought to encourage hospitals to keep detailed records of individuals admitted to practice in hospitals and records insuring adequate staff organization for review of practices by individuals on the hospital staff. Second, the Legislature sought to encourage and protect the free exchange of ideas and opinions in the organizations responsible for review of the staff and its professional practices. Considering the purposes sought to be promoted by the Legislature in passing section 3, I would hold that the Legislature intended "any hospital committee" to apply to any hospital organization established exclusively for purposes of review. The minutes and reports of these review organizations and discussions of their reports are protected from discovery even if the reports or records are located in the minutes of other hospital organizations.

Records and minutes were sought from several different organizations of Hospital. It is necessary to review the responsibilities of the different inner-hospital organizations to determine what organizations were established exclusively for review purposes. Examination of the by-laws, rules and regulations of Hospital reveals that Hospital is organized into several different divisions with specific, if somewhat overlapping, responsibilities. Two of the most important divisions are the "clinical departments" or sections and the standing committees. The clinical departments are composed of general medicine, general surgery, obstetrics, gynecology, pediatrics and psychiatry. The clinical departments or sections are not review organizations but are divisions in Hospital's staff based on doctors' specialties or fields of expertise. The standing committees, however, are organized not by areas of study or expertise but are organized according to areas of hospital problems or review which span the entire spectrum of medical practice in Hospital. These committees consist of the executive-credentials committees, joint conference committee, medical records-tissue audit committee, emergency room committee, infection committee, sterilization committee, nominating committee, pharmacy-library-supply committee and uti-

lization committee. The composition of each committee is too voluminous to detail but the committees are comprised of members of different clinical departments to insure staff-wide consideration of each problem area in Hospital. These standing committees are charged with the review of other staff members, their professional practices and review of various problems encountered in all aspects of providing health care. The standing committees are the type of review organizations given protection by article 4447d, section 3; therefore, the records and proceedings of these committees should not be discoverable.

Discovery of the minutes of the general staff meetings was also sought. The general medical staff of Hospital consists of all the member-doctors of the active medical staff. In the meetings of the general medical staff ordinary business matters are discussed but reports of standing and special committees are also given, as well as a hospital analysis, review of problems relating to the care of particular patients, problems referred from clinical sections, and discussions and improvements of professional practices. The minutes of the general medical staff should be discoverable because it is not an organization established exclusively for review of hospital problems. Discovery of all the minutes of the general staff meetings would frustrate the previously announced legislative intent of keeping proceedings of review organizations secure from court subpoena. Reports of any hospital organization established exclusively for review given in the meetings of the general staff should not be subject to discovery. The discussions of problems directly engendered by these reports should also not be discoverable.

The trial court allowed discovery of the records of the Board of Directors of Hospital, as they pertain to the purchase of equipment and facilities in the nursery. The function of the Board of Directors is to establish the business policies of Hospital. The only review function performed by the Board of Directors is when the Board reviews the removal of a doctor's privileges at Hospital. The Board's review is of the determination by a standing committee that a doctor's privileges should be removed. The records or minutes of the Board pertaining to this review function would be protected because this would be a discussion engendered by the report of a standing review organization. Here the minutes sought of the Board of Directors should be discoverable if the discussion concerning the purchase of equipment for the nursery does not arise from a report or recommendation made to the Board by a review organization.

The Repponds urge this court to construe article 4447d as a whole and allow very broad discovery of hospital materials. They contend that the statute applies only to restrict the unauthorized use of data pertaining to patients treated in organizations covered by the Act. *French v. Brodsky*, 521 S.W.2d 670, 676 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.). Like the majority, I cannot ignore the language of section 3 which states that the records of any hospital committee "shall not be available for court subpoena. . . ."

The Repponds also contend that broad discovery should be allowed because materials sought to be discovered would come within the exception of section 3 which allows discovery of "records made or maintained in the regular course of business." It is undisputed that the minutes of standing committees are kept in Hospital by the custodian of Hospital's records in the same manner as all other records. I agree that it would violate our prior interpretation of the legislative intent to hold that minutes and records of review organizations are records "made or maintained in the regular course of business." The construction asserted by the Repponds would have the Legislature, in the same sentence, specifically forbidding discovery of organization records then allowing their discovery because the records are kept by Hospital. I agree that the records of review organizations are not the kinds of records covered by the exclusion.

Hospital has argued that the materials sought to be discovered are minutes of com-

mittees organized under the by-laws, rules and regulations of Hospital and are protected from discovery by article 4447d, section 3. Prior discussion has disclosed that the organizations from which the minutes are sought are not organizations established exclusively for review but are clinical sections or administrative bodies of Hospital performing various other functions. Article 4447d, section 3, applies to organizations performing functions in addition to review only in situations where reports of review organizations are given and discussed in the meetings of these multi-purpose organizations.

I recognize that construction and application of the article in question involves important policy considerations urged by both Hospital and the Repponds. The minutes of any group organized exclusively for reviewing problems in the hospital should be protected, thereby insuring the free exchange of ideas. I believe the minutes of the meetings of the various clinical sections and the general staff should be discoverable with the exception of review organization reports and discussions of those reports. This would allow the discovery of material which would otherwise be unavailable. This approach would allow the free exchange of ideas so as to promote better health care facilities but not prevent plaintiffs from being able to establish a cause of action.

Specifically, I would allow discovery of the minutes of the pediatrics section meetings and the minutes of other clinical sections because none of the clinical sections are organizations established exclusively for review. (Item I, II and III). I would also hold that the minutes from the meetings of the general staff and the Board of Directors are discoverable because neither exclusively performs review functions. (Items IV and V). There are hospital organizations whose exclusive function is that of review. Reports or discussions of reports or problems presented by these review organizations in meetings of the clinical sections, general staff, or Board of Directors meetings should be protected from dis-

covery. This would allow hospital-wide input into the problems reported by review organizations without fear of the discussions being subpoenaed by a court.

In conclusion, I agree with the majority that the trial court should be ordered to prohibit from discovery the minutes and reports of any hospital organization charged exclusively with the function of review. This prohibition should also extend to minutes of other hospital organizations only in the sense that reports of review organizations are given and discussed. However, I would hold and order that the trial judge permit the discovery of any records and minutes of hospital agencies or boards which did not exclusively perform review functions.

## DISSENTING OPINION

JOHNSON, Justice.

This dissent is respectfully submitted.

The statute in controversy, Article 4447d, Texas Revised Civil Statutes Annotated, contains *three* sections. The Article, in full, provides as follows:

"Section 1. Any person, hospital, sanitorium, nursing or rest home, medical society, cancer registry, or other organization may provide information, interviews, reports, statements, memoranda, or other data relating to the condition and treatment of any person *to the State Department of Health, persons or organizations making inquiries pursuant to immunization surveys conducted under the auspices of the State Department of Health, medical organizations, hospitals and hospital committees, to be used in the course of any study for the purpose of reducing morbidity or mortality, or for the purpose of identifying persons who may be in need of immunization,* and no liability of any kind or character for damages or other relief shall arise or be enforced against any person or organization by reason of having provided such information or material, or by reason of having released or published the findings and conclusions of such groups to advance

medical research and medical education, or by reason of having released or published generally a summary of such studies.

"Sec. 2. *The State Department of Health, medical organizations, hospitals and hospital committees shall use or publish said material only for the purpose of advancing medical research or medical education in the interest of reducing morbidity or mortality, except that a summary of such studies may be released by any such group for general publication.* The identity of any person whose condition or treatment has been studied shall be confidential and shall not be revealed under any circumstances except in the case of immunization surveys conducted under the auspices of the State Department of Health for the purpose of identifying persons who may be in need of immunization. With the exception of immunization information, all information, interviews, reports, statements, memoranda, or other data furnished by reason of this Act and any findings or conclusions resulting from such studies are declared to be privileged.

"Sec. 3. The records and proceedings of *any hospital committee, medical organization committee or extended care facility committee established under state or federal law or regulations or under the bylaws, rules or regulations of such organization or institution* shall be confidential and shall be used by such committee and the members thereof only in the exercise of the proper functions of the committee and shall not be public records and shall not be available for court subpoena; provided, however, that nothing herein shall apply to records made or maintained in the regular course of business by a hospital or extended care facility. No physician, hospital, organization, or institution furnishing information, data, reports, or records to *any such committee* with respect to any patient examined or treated by such physician or confined in such hospital or institution shall, by reason of furnishing *such information,* be liable in damages to any person. No member of

such a committee shall be liable in damages to any person for any action taken or recommendation made within the scope of the functions of such committee if such committee member acts without malice and in the reasonable belief that such action or recommendation is warranted by the facts known to him." [Emphasis added.]

As stated in *City of Mason v. West Texas Utilities Co.,* 150 Tex. 18, 237 S.W.2d 273, 278 (1951), "[t]he fundamental rule controlling the construction of a statute is to ascertain the intention of the Legislature expressed therein. That intention should be ascertained from the entire act, and not from isolated portions thereof."

Viewing Article 4447d as a whole, it is clear that its purpose was to provide for the receipt of medical and health-related information by the State Department of Health and other similar organizations for the purpose of medical research and education in the area of immunization. In order to protect the privacy of those individuals whose medical records were studied, the Legislature declared that the data gathered would remain confidential. Therefore, reading the three sections of Article 4447d together leads to the conclusion that the phrase "records and proceedings . . . shall not be available for court subpoena" contained in Section 3 means that the protected "records and proceedings" are those which relate to the information supplied or gathered under Section 1 and Section 2 of Article 4447d. *French v. Brodsky,* 521 S.W.2d 670, 676 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). Indeed, Section 3, itself, employs the phrase "such information" in an obvious reference to the data supplied pursuant to Section 1 and Section 2.

Thus, this writer would deny discovery only of the "information, interviews, reports, statements, memoranda, or other data furnished by reason of this Act and any findings or conclusions resulting from such studies . . . ." None of the information sought in the instant case appears to fall within this category and, according-

ly, the writ of mandamus prohibiting discovery should be denied.