**SANTA ROSA MEDICAL CENTER, Bakthavathsalam Athreya, M.D. and Sudhir Prem Srivastava, M.D., and La June Wunsch, Individually and as Guardian of the Estate of Mattie L. York and Maria Zulema Gutierrez Snell, Individually and On Behalf of the Estate of Maria Villanueva, Deceased, Relators,**

v.

**The Honorable Carolyn H. SPEARS, Respondent.**

**Nos. 04–85–00299–CV, 04–85–00300–CV and 04–85–00321–CV.**

Court of Appeals of Texas, San Antonio.

March 31, 1986.

Rehearing Denied May 1, 1986.

Emilio M. Garza, Clemens, Spencer, Welmaker & Finck, San Antonio, for Santa Rosa Medical Center.

Clem Lyons and Stephen Dittlinger, Southers & Lyons, San Antonio, for La June Wunsch.

Fred Shannon, Martin, Shannon & Drought, San Antonio, for Sudhir Prem Srivastava.

Jerry A. Gibson, San Antonio, for Bakthavathsalam Athreya.

Before CADENA, C.J., and ESQUIVEL and TIJERINA, JJ.

## ON RELATORS' PETITIONS FOR WRIT OF MANDAMUS

PER CURIAM.

This appeal concerns three consolidated original mandamus actions. With the exception of Santa Rosa Medical Center, the relators in this appeal are various parties to two separate medical negligence actions pending before respondent, the Honorable Carolyn H. Spears, Judge of the 224th Judicial District Court of Bexar County. Relators petition this court to issue a writ of mandamus directing Judge Spears to vacate different parts of two discovery orders signed by her on July 3, 1985.

Relator, La June Wunsch, individually and as the representative of the estate of Mattie L. York, filed a medical malpractice suit against the relator-physicians, Bakthavathsalam Athreya and Sudhir Prem Srivastava. Relator Maria Zulema Gutierrez Snell, individually and as representative of the estate of Maria Villanueva, filed a separate medical negligence suit against the relator-physicians that is unrelated to the Wunsch suit.

The relator-physicians were members of the staff of relator Santa Rosa Medical Center at the time that they provided medical care to Mattie York and Maria Villanueva. On December 20, 1984, a meeting of the Adult Cardiac Cath Lab Committee of the Santa Rosa Medical Center met to review the medical records of several patients treated by Dr. Athreya. This committee, which is established by the by-laws, rules and regulations of Santa Rosa Medical Center, was comprised of nine cardiologists. Among the medical records reviewed by the committee were those of Mattie York and Maria Villanueva.

The committee concluded that Dr. Athreya appeared to have grossly misinterpreted Mattie York's data and it was their unanimous decision that, based upon the data present, her surgery was not indicated. After reviewing the records of Maria Villanueva, who had undergone five coronary bypass surgeries, it was the consensus of the committee that her surgery also was not indicated.

Two actions were taken by the committee. The committee unanimously approved a motion that Dr. Athreya's temporary privileges be permanently rescinded and that he not be granted permanent privileges. The committee also unanimously approved a motion that Dr. Athreya's privileges as a cardiologist be revoked by the Santa Rosa Medical Center's section of cardiology.

A copy of the committee's report of its December 20, 1984 meeting was obtained from an unknown source by a reporter for a San Antonio television station. The television station later broadcast a five-part series on its evening news program pertaining to an investigation of certain heart surgeons and cardiologists at Santa Rosa Medical Center. During one of the programs reference was made to the December 20, 1984 committee findings and a copy of the committee's report was shown on television.

Thereafter, plaintiffs obtained a copy of the report and filed a motion to compel Santa Rosa Medical Center to produce, inter alia, "the conclusions of a Special Called Adult Cardiac Cath Lab Committee of nine physicians." Plaintiffs later filed a second motion for production and requested that the court order the Medical Center to disclose the names and addresses of all committee members.

Defendants Dr. Athreya and Dr. Srivastava filed a motion for protective order claiming that the documents requested by plaintiffs were privileged under TEX.REV. CIV.STAT.ANN. art. 4447d, § 3 (Vernon Supp.1986). Santa Rosa Medical Center also claimed that the minutes and conclusions of the committee were subject to the same privilege.

Following a hearing, the respondent, Honorable Carolyn Spears, found that the minutes of the Cardiac Cath Lab Committee in plaintiffs' possession were no longer protected by this statutory privilege. She ordered Santa Rosa Medical Center to authenticate plaintiffs' copy of the committee

report but denied plaintiffs' motion to compel the Medical Center to disclose the names and addresses of the committee members.

The defendant-physicians and Santa Rosa Medical Center have filed petitions for a writ of mandamus to compel Judge Spears to withdraw her discovery order insofar as it compels the Medical Center to authenticate plaintiffs' copy of the committee report. Plaintiffs seek a writ of mandamus to compel Judge Spears to withdraw her discovery order insofar as it does not permit them to obtain the names and addresses of the committee members.

As presently enacted, article 4447d, section 3 provides, in part:

> The records and proceedings of any committee or joint committee of a hospital, medical organization, university medical school, university health science center, or extended care facility, whether appointed on an ad hoc basis to conduct a specific investigation or established under state or federal law or regulations or under the by-laws, rules or regulations of such organization or institution, shall be confidential and shall be used by such committee and the members thereof only in the exercise of the proper functions of the committee and shall not be public records and shall not be available for court subpoena; provided, however, that nothing herein shall apply to records made or maintained in the regular course of business by a hospital or extended care facility. . . .

There is no question but that the reports and conclusions of the Cardiac Cath Lab Committee, including the report in plaintiffs' possession, are privileged under this statute and are not subject to discovery. *Jordan v. Court of Appeals for the Fourth Supreme Judicial District*, 701 S.W.2d 644, 647–48 (Tex.1985); *Texarkana Memorial Hospital, Inc. v. Jones*, 551 S.W.2d 33, 35 (Tex.1977). As noted by the Supreme Court in *Jordan*, the scope of the discovery privilege is governed by the statutory language, which protects "records

and proceedings" and which exempts from discovery:

> [T]hose documents generated by the committee in order to conduct open and thorough review. In general, this privilege extends to documents that have been prepared by or at the direction of the committee for committee purposes. The documents which are gratuitously submitted to a committee or which have been created without committee impetus and purpose are not protected. In addition, the privilege extends to the minutes of committee meetings, correspondence between committee members relating to the deliberation process and any final committee product, such as recommendations.

*Jordan, supra,* at 647–48.

■■■ We find no evidence in the record of any voluntary waiver by Santa Rosa Medical Center of this statutory privilege. At every occasion below at which the hospital could assert the privilege, it has done so. The mere fact of an improper disclosure, in and of itself, does not defeat the privilege. It is waived only by voluntary disclosure, or a consent to disclosure, of a significant part of the committee records and proceedings. TEX.R.EVID. 511. The privilege is not defeated by a disclosure which was made without the hospital having an opportunity to claim the privilege. TEX.R.EVID. 512(2).

■■■ The uncontradicted evidence in the record establishes that no waiver occurred. The investigative news reporter who obtained a copy of the committee minutes testified that he was not given it by the hospital, its president, the Cardiac Cath Lab Committee, or Dr. Athreya. The medical director of the hospital, Derrick Boldt, testified that no one was authorized to remove the minutes from the hospital nor was anyone authorized to use them except members of the Cardiac Cath Lab Committee in the exercise of a committee function. He also testified that neither he nor the hospital gave the minutes to the investigative reporter and that no employee of the hospital was authorized to discuss the pro-

ceedings or records of the Cardiac Cath Lab Committee with any news reporter.

We hold that the statute prevents discovery or use of the committee minutes. The hospital may continue to claim the discovery privilege of article 4447d and need not authenticate the two pages of the committee minutes in the possession of plaintiffs.

The identity of the members of the committee is not privileged under the statute. Nothing in the provisions of article 4447d, or in the case law that has interpreted this statute, prevents discovery of any evidence or testimony not generated by the Cardiac Cath Lab Committee for a committee purpose. However, members of the committee may not be examined or compelled to testify about any matters that came to their attention while acting in furtherance of the committee purpose and function. To the extent that their knowledge of the facts and circumstances of this case comes from information that was not prepared by or at the direction of the committee for a committee purpose, from documents or information that were gratuitously submitted to the committee or which were not created with committee impetus and purpose, their testimony is not privileged. *Jordan v. Court of Appeals for the Fourth Supreme Judicial District, supra,* at 648. No privilege can be asserted to their testimony solely because they may have information that was presented to the hospital committee. *Texarkana Memorial Hospital, Inc. v. Jones, supra,* at 35.

We hold that the trial court abused its discretion in compelling Santa Rosa Medical Center to authenticate the two pages of the Cardiac Cath Lab Committee minutes and denying plaintiffs' motion to compel disclosure of the names and addresses of the committee members. That order must be withdrawn. Mandamus may issue to compel a trial judge to withdraw a discovery order that requires a hospital to produce minutes of meetings of committees whose records are exempt from discovery under article 4447d. *Texarkana Memorial Hospital, Inc. v. Jones, supra.* No writ need be issued unless the trial court fails to comply with this order.