**Leslie Guinty GOODSPEED, Relator,**

v.

**Honorable John STREET, Judge, 352nd District Court, Respondent.**

No. 2–88–048–CV.

Court of Appeals of Texas, Fort Worth.

March 17, 1988.

Stradley, Barnett & Stein, P.C., and William J. Stradley, Houston, for relator.

Cantey, Hanger, Gooch, Munn & Collins, and John F. Gray and Nancy J. Anglin, Fort Worth, for Northeast Community Hosp.

Christine E. Holland and Larry Hayes, Fort Worth, for Fort Worth Osteopathic Hosp., Inc. and Fort Worth Osteopathic Medical Center.

Before BURDOCK, JOE SPURLOCK, II and KELTNER, JJ.

OPINION

KELTNER, Justice.

The issue in this original mandamus proceeding is whether the trial court abused its discretion in withholding certain documents from discovery, as privileged, with-

---

out hearing any proof to support the privilege.

We hold that the trial court did abuse its discretion in not allowing the parties to present evidence regarding applicability of the privileges contained in TEX.REV.CIV. STAT.ANN. art. 4447d, sec. 3, art. 4495b, sec. 5.06 (Vernon Supp.1988).

This is a medical malpractice case in which Leslie Goodspeed (Goodspeed) claims, among other things, that Fort Worth Osteopathic Hospital, Inc., was negligent in granting Dr. Bart Mazeika privileges at its hospital and failing to adequately monitor and supervise his medical activities. She also claims the hospital was negligent in allowing the doctor to perform surgical procedures for which he did not have documented hospital privileges and for which he did not have documented or demonstrated training, education, and expertise.

Goodspeed complains of three of the trial court's rulings on discovery matters. Those matters are as follows:

First, Goodspeed served notice of intention to take depositions by written questions to Northeast Community Hospital, which is not a party to the lawsuit. The subpoena, incorporated in the notice, requests:

[A]ny and all records, including but not limited to hospital records, office notes, employment/personnel records, correspondence, and records concerning privileges granted to, revoked, suspended, limited or expelled, concerning Bart Mazeika, D.O.

Despite the broad request in the subpoena, the written questions only asked for the production of "any and all records pertaining to: PRIVILEGES GRANTED TO BART MAZEIKA at this hospital." [Emphasis in original.] Another question inquired whether the doctor's privileges had ever been "suspended, revoked, limited or expelled in any way?"

Northeast filed a motion to quash the subpoena on the basis that the records requested therein were records that were confidential under TEX.REV.CIV.STAT. ANN. art. 4447d, sec. 3, art. 4495b, sec. 5.06 (Vernon Supp.1988). Northeast also claimed that the subpoena attached to the notice constituted an undue burden and imposed unnecessary expense, harassment, and annoyance.

Second, Goodspeed sent a notice of intention to take deposition on written questions to the Texas Osteopathic Medical Association, another non-party. The subpoena duces tecum issued in the notice requested production of "files, papers, documents, office notes, reports and correspondence in the possession, custody or control of the said witness and every such record to which the witness may have access pertaining to Bart T. Mazeika...."

The association produced some of the records, including a membership file for Dr. Mazeika, which it did not claim was confidential. However, the association sought a motion for protection on the grounds that the remaining files were records of association committees and were privileged under TEX.REV.CIV.STAT. ANN. art. 4495b, sec. 5.06 (Vernon Supp. 1988).

Third, Goodspeed filed a motion for production of documents of Fort Worth Osteopathic Hospital, Inc., seeking, among other things,

[A]ny and all documentation, including, but not limited to, any reports, or correspondence concerning the suspension, termination, withdrawal or reinstatement of hospital and/or surgical privileges for Bart T. Mazeika. This request includes any documentation furnished to or considered by the hospital administration, including any committee reports or findings as well as all documentation, letters, or reports sent to or reviewed by Bart T. Mazeika or any other entity or person in connection with the withdrawal, suspension, termination or reinstatement of hospital or surgical privileges.

The hospital objected to the request for production on grounds that the documents requested are protected by the privileges contained in TEX.REV.CIV.STAT.ANN. art. 4447d, sec. 3, art. 4495b, sec. 5.06(g), (j) (Vernon Supp.1988).

In response to the hospital's objection, Goodspeed filed a motion to compel production seeking that the hospital records be produced for an in-camera inspection by the judge.

Section 3 of article 4447d provides that records and proceedings of committees of certain health care providers are confidential and not subject to court subpoena. Section 3 has been the subject of significant commentary by the courts of Texas. *Birchfield v. Texarkana Mem. Hosp.*, 747 S.W.2d 361 (1987); *Jordan v. Fourth Court of Appeals*, 701 S.W.2d 644, 647 (Tex.1985); *Hood v. Phillips*, 554 S.W.2d 160, 167 (Tex.1977); *Texarkana Mem. Hosp., Inc. v. Jones*, 551 S.W.2d 33 (Tex. 1977). Most of the Texas Supreme Court's holding limited the application of the privilege and required the party seeking to limit discovery to prove the applicability of the privilege to the information sought. *Jordan*, 701 S.W.2d at 646–48; *Texarkana Mem. Hosp.*, 551 S.W.2d at 35–36.

The 70th Legislature passed amendments to section 5.06 of article 4495b in 1987. Section 5.06 of article 4495b establishes a privilege for the proceedings and records of medical peer review committees. Additionally, section 5.06(g) provides that all communications made to the medical peer review committee are confidential. Section 5.06(j) provides that records, determinations of and communications to a medical peer review committee are not subject to a court subpoena and are not admissible as evidence in a civil case.

Unlike article 4447d, section 3, which deals with all committees, article 4495b deals with medical peer review committees. Section 1.03(6) defines a "medical peer review committee" as a committee of a health-care entity which operates pursuant to written by-laws that have been approved by a policy making body or governing board of the entity. The committee must be authorized to evaluate the quality of medical and health care services or the competence of physicians. "Medical peer review" is defined, in part, as evaluation of qualifications of professional health care practitioners, and patient care rendered by those practitioners.

The two hospitals claim the information sought falls within the privileges of both articles. The association claims only the privilege in article 4495b.

To prove their entitlement to the privileges in article 4447d, the hospitals had to prove, among other things, that the information sought was in the records or proceedings of the hospital committees. Goodspeed claimed that there had been a waiver of the privilege under article 4447d. The supreme court discussed waiver of the privilege in *Jordan*, 701 S.W.2d at 648–49. The supreme court held that once the issue of waiver had been raised, the persons asserting the privilege had the duty to prove that no waiver occurred. *Id.*

To prove their entitlement to the privilege under section 5.06 of article 4495b, all of the respondents had the duty to prove, among other things, that the information sought was generated by or given to a medical peer review committee, as defined in the statute. In other words, the parties claiming the privilege must prove that the committee was one that had been approved by a policy making body or governing board of a health care entity which operates pursuant to written by-laws. Additionally, there must be proof of what the committee was authorized to evaluate.

Goodspeed claims that the privilege under section 5.06 was waived. Unlike the privilege in article 4447d, the party asserting a waiver under section 5.06 of article 4495b, must plead and prove that a waiver occurred.

The court consolidated the Fort Worth Osteopathic Hospital's objections, the motion to quash of Northeast Hospital, and the motion for protective order of the Texas Osteopathic Medical Association, and Goodspeed's motion to compel in one hearing, which was held on March 4, 1988. Immediately after opening the proceedings, and without hearing evidence from any party, the court announced its decision stating:

THE COURT: All right. First we will take up Plaintiff's Motion to Compel Pro-

duction, and I'm going to overrule that because it is obvious what you are trying to get is things from hospital committees which you are not entitled to get.

All right. The next thing I'm going to take up is a Motion for Protection for the Texas Osteopathic Medical Association, and I'm going to grant that.

The next thing that we are going to take up is the Motion of Northeast Community Hospital to Quash a Subpoena Duces Tecum, and I'm going to grant that.

You are not entitled to get these privileged things, and I don't know why you are taking up the time of the Court to rule on Motions in connection therewith, because to me the Statute is clear on it, for material that is either generated by the committee itself or at the request of the committee, you are not entitled to get.

After the court made its rulings, Goodspeed's counsel attempted to make a response. At one point in the record, he argued that the burden was on those attempting to shield the information on discovery to submit the documents for an in-camera inspection. The court rejected this suggestion, stating:

THE COURT: In your request you asked for the committee reports themselves.

Your request on its face is not good. You can't come and ask for something that is privileged by law and say they have got to come in and produce it, because I don't have to look at this. I can just look at your request and see that what you are requesting is privileged and rule on it.

MR. BARNETT: Your Honor, I—

THE COURT: That's what I'm doing.

Later in the proceedings, counsel for the Fort Worth Osteopathic Hospital informed the court that she had an affidavit of the hospital's administrator that would prove the privilege. At that point, the court closed the hearing on the combined motions and other matters were discussed.

All parties candidly admit they were prepared to offer testimony at the hearing to support their various contentions. However, it is apparent from the record that all of the parties were prevented from doing so by the court's ruling immediately after the hearing convened.

Goodspeed claims that the information she sought was discoverable and asks us to make one of two rulings. First, Goodspeed contends that the respondents did not prove that the information requested was shielded by a privilege. As a result, Goodspeed takes the position that the trial court abused its discretion in refusing to allow production of the above-described records. *Peeples v. Hon. Fourth Sup. Jud. Dist.*, 701 S.W.2d 635 (Tex.1985). Alternatively, Goodspeed asks us to find that the trial court abused its discretion in failing to hold an evidentiary hearing to determine whether the information requested was shielded by privilege.

A writ of mandamus is a proper vehicle by which an order granting or denying discovery may be attacked. *Barker v. Dunham*, 551 S.W.2d 41 (Tex.1977). However, we may not grant a writ of discovery unless a clear abuse of discretion is shown. *Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex.1984).

We hold that the trial court abused its discretion in failing to allow the parties to present evidence to support their claims of privilege. Rule 166b(4) provides that a party seeking to exclude any matter from discovery must "produce evidence supporting such claim in the form of affidavits or live testimony presented at a hearing...." TEX.R.CIV.P. 166b(4).

Rule 166b(4) codifies the Texas Supreme Court's holding in *Peeples v. Hon. Fourth Sup. Jud. Dist.* The rationale of the rule is to place the burden on the person resisting discovery to prove the application of the privilege or immunity from discovery.

In the instant case, all the parties admit that the respondents plead the protection from discovery under TEX.REV.CIV.STAT. ANN. art. 4447d, sec. 3, art. 4495b, sec. 5.06 (Vernon Supp.1988). Additionally, the respondents were prepared to offer evidence they contend supported the privi-

leges under both statutes. Likewise, Goodspeed was prepared to introduce evidence she contends proved the privileges were waived.

However, none of the parties were able to present evidence because the judge ruled on the objections and motions immediately after the hearing was convened. It is obvious from the record that the judge believed that the face of the requests indicated that the information requested was privileged. Despite the apparent wisdom of this common-sensical approach, we are bound by the Texas Supreme Court pronouncements.

■ The supreme court has repeatedly held that the burden to establish a privilege is on the person seeking to shield information from discovery. *Peeples*, 701 S.W.2d at 637. Additionally, the party asserting the privilege has the obligation to prove, by competent evidence, that the privilege applies to the information sought. *Weisel v. Curry*, 718 S.W.2d 56 (Tex.1986).

Admittedly, the supreme court's rule increases the trial court's involvement in discovery proceedings. However, there is wisdom behind the requirement that privileges must be pleaded and proved. For example, in the instant case, some of the information sought appears to be privileged under one or both of the statutes. However, our record does not disclose whether the records were connected with a hospital committee under article 4447d or a medical peer review committee as defined in section 1.03 of article 4495b. In any event, Goodspeed takes the position that each entity waived the privileges. Likewise, Goodspeed was deprived of her right to attempt to prove waiver of the privileges under both statutes.

■ Northeast and Fort Worth Osteopathic Hospital argue that article 4495b, section 5.06 eliminates the requirement of Rule 166b(4) that a party seeking the statutory protection must prove that the privilege is applicable to the information sought.

We disagree. Rule 166b(4) is a procedural mechanism which provides the method in which parties prove and courts determine whether a privilege or immunity, mandated by rule or statute, is applicable to requested information. As a result, the procedure in Rule 166b(4) does not conflict with the substantive revisions of article 4495b, section 5.06. To the contrary, Rule 166b(4) provides the manner in which the respondents assert the privilege.[1]

We conditionally grant Goodspeed's petition for writ of mandamus. We expect that Judge Street will vacate his order denying discovery and will conduct a hearing, prior to the trial of this case so that the parties may produce evidence on the issue of whether the privilege as stated in TEX. REV.CIV.STAT.ANN. art. 4447d, sec. 3 and art. 4495b, sec. 5.06 (Vernon Supp. 1988), apply to the information sought. Should he fail to do so, the clerk of this court is directed to issue the petition for writ of mandamus.

---

1. Notwithstanding Rule 166b(4)'s requirement that the privilege must be plead and proved by the party asserting it, section 5.06 does require that burden to plead and prove waiver is on the party asserting waiver.