**Chacko CHACKO, Appellant,**

v.

**STATE of Texas, for the Best Interest and Protection of Chacko Chacko, a Mentally Ill Person.**

No. 01–82–0114–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 16, 1982.

Stephen Doggett, Richmond, for appellant.

Charles Michulka, Stafford, for appellee.

Before SMITH, BASS and DYESS, JJ.

SMITH, Justice.

This is an appeal from an involuntary commitment to the Austin State Hospital pursuant to the provisions of the Mental Health Code of the State of Texas. The sole issue in this case is whether the trial court erred in permitting privileged medical testimony to be introduced into evidence.

The appellant urges in his first point of error that the trial court erred in admitting the testimony of Doctor Gutierrez, a psychiatrist, over the objection of the proposed patient that his communications with Doctor Gutierrez were privileged.

Texas statutes provide that communications between a doctor and patient, including reports by the doctor, are privileged and may not be disclosed in court proceedings except in limited circumstances. Tex.Rev. Civ.Stat. art. 5561h, § 4 of this same article provides four methods by which a patient may waive the doctor/patient privilege. Only two of these methods could apply in a commitment case. *C.V. v. State,* 616 S.W.2d 441 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). The first of these

exceptions is that the patient, or one qualified to act on his behalf, may make a written waiver of the privilege. The second exception allows an oral waiver when the examination is made pursuant to a court order and relates to the patient's mental condition. A condition precedent to the second exception is that the patient must be informed by a qualified person that the communication will not be privileged prior to the time the oral waiver is given.

■ In the instant case there is no claim of, nor evidence of, a written waiver. Thus, for Doctor Gutierrez's testimony to be admissible the appellant must have waived his privilege by the means of an oral waiver. Article 5561h § 4(a)(4) states the prerequisites and the manner in which an oral waiver must be taken to waive the privilege of confidentiality. This section states in pertinent part as follows:

(4) When the judge finds that the patient/client after having been previously informed that communications would not be privileged, has made communications to a professional in the course of a court-ordered examination relating to the patient's/client's mental or emotional condition or disorder, providing that such communication shall not be privileged only with respect to issues involving the patient's/client's mental or emotional health. On granting of the order, the court in determining the extent to which any disclosure of all or any part of any communication is necessary, shall impose appropriate safeguards against unauthorized disclosure.

The State urges that this court may infer that Doctor Gutierrez was court-appointed because the trial court ordered the appellant taken into protective custody. We cannot agree with this contention. The record reflects that the order setting the date for hearing, appointing the patient's attorney ad litem, and appointing the examining physician was issued on January 7, 1982. However, the provisions for appointing an examining physician and ordering the patient to submit to an examination have been stricken from the order. There is a reference in the statement of facts to a health warrant having been issued, but if there was such an instrument it was never introduced into the record. There is no other evidence in the record which shows the patient was ever under the court's order to submit to an examination.

The Texas Constitution, Article 1, § 15–a, provides in part: "No person shall be committed as a person of unsound mind except on competent medical or psychiatric testimony." The only medical evidence at the hearing was the testimony from Doctor Gutierrez and the information contained in the two certificates of medical examination for mental illness. Because the appellant's examination was not court ordered the doctor/patient privilege could not be waived orally and Doctor Gutierrez's testimony was not admissible. *C.V. v. State, supra; Salas v. State,* 592 S.W.2d 653 (Tex.Civ.App.—Austin 1979, no writ); also see *Jones v. State,* 613 S.W.2d 570 (Tex.Civ.App.—Austin 1981, no writ).

■ Article 5547–37 provides that "If at the hearing no one opposes temporary hospitalization of the proposed patient the court may make its findings upon the basis of the Certificates of Medical Examination for Mental Illness on file with the court." However, if the hospitalization is opposed, as it is in this case, the certificates alone are not adequate. Hospitalization can only be ordered if supported by competent medical testimony. *C.V. v. State, supra.*

■ In view of the fact that Doctor Gutierrez's testimony was not admissible there was no admissible medical testimony to prove the mental illness of the appellant. The judgment of the trial court is reversed and the appellant is ordered discharged.