HARRIS HOSPITAL, Relator,

v.

Honorable Michael D. SCHATTMAN,
Judge of the 348th District Court,
Respondent.

No. 2–87–071–CV.

Court of Appeals of Texas,
Fort Worth.

Aug. 12, 1987.

Wynn, Brown, Mack, Renfro & Thompson, and Tom Renfro, Fort Worth, for relator.

Leeper, Priddy & Chovanec, and Laurance Priddy, Fort Worth, for Leonard Williams.

Bailey & Williams, and James A. Williams, Dallas, for Dr. Moore.

Before FARRIS, KELTNER and LATTIMORE, JJ.

OPINION

FARRIS, Justice.

Relator, Harris Hospital, seeks the issuance of a writ of mandamus to compel the Honorable Michael D. Schattman, Judge of the 348th District Court of Tarrant County, Texas, to rescind his order of March 20, 1987, entered in cause number 348–74192–82, styled Leonard Olin Williams, et ux. Lois S. Williams vs. George H. Moore, M.D. and Harris Hospital-Methodist, compelling the defendant Moore to request certain documents from relator, the relator to provide the requested documents to Moore, and Moore to then provide the documents to the plaintiff. Leonard Olin Williams, the plaintiff, real party in interest, has countered the relator's application for writ of mandamus by seeking a writ ordering the trial court to extend its order to include other documents held to be privileged and not subject to discovery.

We grant relator's motion for leave to file its petition, but deny the relief requested by relator and by Williams, the real party in interest.

Williams filed a medical malpractice action against the relator and Moore, alleging that Moore was negligent in his diagnosis, care, and treatment of plaintiff's illness and in failing to disclose to plaintiff risks involved in surgery. Williams alleged that relator was negligent in permitting Moore the use of relator's facilities for surgery. Since the institution of the lawsuit, the parties have engaged in a protracted discovery battle in which Williams has attempted to discover information in the possession of relator relating to the competence of Moore. Relator has resisted Williams' discovery attempts, relying upon TEX.REV.CIV.STAT.ANN. art. 4447d, sec. 3 (Vernon 1976).

The trial court conducted an in-camera examination of documents produced by relator and determined that a number of the documents were protected by article 4447d, section 3. The documents determined by the trial court to be privileged may be generally classified as being of two sorts: letters between Moore and committees of the relator; and other documents not communicated to or from Moore, including documents from relator's credentials committee and correspondence and memos between the credentials committee and other committees of the relator. The documents made discoverable by the March 20, 1987 order of the trial court are those letters which are correspondence between relator and Moore. The trial court had earlier ordered Moore to make discovery of the correspondence between him and the relator, but Moore had responded to the discovery order by stating that the communications were neither in his possession nor in the possession of anyone subject to his direction noting that he had previously retired from active medical practice and no longer maintained records associated with his former medical practice.

In a letter accompanying the March 20, 1987 order, the trial court stated that the letters between Moore and the relator's committees, in the hands of the relator, were not discoverable by the plaintiff under article 4447d, although the same correspondence would be discoverable in the hands of Moore. Finding no violation of article 4447d in permitting the discovery by Moore of copies of correspondence previously in his possession and in order to avoid a violation of the statute, the court ordered Moore to request of the relator copies of the correspondence, and ordered the relator to provide Moore with those copies for delivery by Moore to the real party in interest. In its March 20th order, the court listed each of the letters between Moore and relator which were ordered to be provided by relator to Moore and in turn by Moore to Williams.

We hold that the documents listed in the trial court's March 20, 1987 order are not privileged under article 4447d, section 3 and are discoverable. In so holding, we disagree with the trial court's express finding that the correspondence between relator and Moore is exempt from discovery. Our holding is based upon the apparent legislative intent in the enactment of section 3 of article 4447d. Section 3 of the statute provides in part that the records and proceedings of any committee or joint committee of a hospital whether appointed on an ad hoc basis to conduct a specific investigation or established under state or federal law or regulations or under the by-laws, rules or regulations of the hospital, shall be confidential and shall be used by such committee and its members only in the exercise of the proper functions of the committee and shall not be public records and shall not be available for court subpoena. Section 3 further provides that no member of such a committee shall be liable in damages to any person for any action taken or recommendations made within the scope of the functions of such committee if such committee member acts without malice and in a reasonable belief that such action or recommendation is warranted by the facts known to him.

The Supreme Court has pointed out that the legislative history of section 3 is sparse. *Jordan v. Ct. of App. for Fourth Sup.Jud.Dist.*, 701 S.W.2d 644, 646 (Tex. 1985). Privileges are not favored, *id.* at 647, and it is not for us to extend the privileges intended by section 3. The "nondiscoverable records and proceedings" of

relator's committees investigating Moore include only those documents generated by the committees in order to conduct an open and thorough review of Dr. Moore's practice and right to continue to practice on relator's staff. *See id.*, at 647–48.

 Since Moore is obviously aware of the information, including identities of any sources of criticism of Moore contained in the letters between him and relator, denying discovery of the correspondence would not serve the intended purpose of article 4447d. On the other hand, disclosure of the committees' documents not made available to Moore would betray the confidences that article 4447d seeks to protect. We reject any argument that communication between hospital committees constitutes a waiver of the privilege against discovery. The Supreme Court has held the privilege to extend to minutes of committee meetings and correspondence between committee members relating to the deliberation process or any final committee product, such as recommendations. *Id.* at 648. We find that communications between the various committees of a hospital are essential to accomplish their purposes and the intended effect of article 4447d, section 3, and we hold that those communications are privileged.

We deny all relief sought by the parties to this mandamus.