**AETNA CASUALTY & SURETY COMPANY, Aetna Life & Casualty Company, and Charlie Johnson, Relators,**

v.

**The Honorable Robert BLACKMON, Judge, 117th Judicial District Court of Nueces County, Texas, Respondent.**

No. 13–91–259–CV.

Court of Appeals of Texas, Corpus Christi.

May 28, 1991.

Charles W. Hurd, III, Jennifer Bruch Hogan Fulbright & Jaworski, Houston, David J. Dunn, Dunn, Cason & Weathered, Corpus Christi, for relators.

William R. Edwards, Edwards & Terry, Corpus Christi, for real parties in interest.

Before SEERDEN, KENNEDY and HINOJOSA, JJ.

## OPINION

SEERDEN, Justice.

Relators, Aetna Casualty and Surety Company, Aetna Life and Casualty Company and Charlie Johnson, bring the present original proceeding for writ of mandamus to compel the respondent trial judge to vacate its order authorizing discovery in the underlying lawsuit and to review in camera certain documents which relators claim are privileged. We deny mandamus relief.

Relators are defendants in a suit brought by the real parties in interest, plaintiffs, Doyle Cameron, Joe and Shirley Wilkerson, and the Genesis Group, in connection with Aetna's handling of a claim for liability coverage by its insured, Genesis Group and Cameron. Originally, the Wilkersons filed a separate suit against Cameron and Genesis Group for damages based on the inferior construction of the Wilkersons' home by Cameron and the Genesis Group, and they were awarded a judgment of over five million dollars against the Genesis Group.

Later, Cameron and Genesis Group, along with the Wilkersons, individually and as assignees of Cameron and Genesis Group, all joined together as plaintiffs in the present suit against Aetna for negligent failure to defend, negligent failure to investigate, gross negligence, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices–Consumer Protection Act and the Texas Insurance Code, and attorney's fees.[1]

In connection with the present case, Aetna designated its employee Ralph Fernandez, as an expert witness on Aetna's internal procedures for mail, claims handling, insurance coverage, Aetna's conduct in general relating to the *Wilkerson* lawsuit, and the conduct of the plaintiffs. Plaintiffs then gave notice of their intention to take Fernandez' deposition and included a subpoena duces tecum requesting him to bring, generally, all documents which in any way related to the matters made the basis of the present lawsuit.

Aetna objected and filed a motion to protect certain documents in Fernandez' possession based on the attorney-client, work product and party communications privileges. Aetna segregated these documents by category according to the privilege asserted and tendered them to the trial court for in camera inspection, along with Fernandez' affidavit asserting the relevant privileges and claiming generally that none of the documents were prepared by him or for him in anticipation of his testimony.

At a hearing on the motion, plaintiffs argued that Aetna's designation of Fernandez as an expert witness on their claims procedure necessarily had the effect of waiving any of the privileges asserted to the documents that Fernandez relied upon in forming the basis of the opinions about which he would testify, and that assertion of these privileges was inconsistent with his designation as an expert witness. The trial court agreed and, without reviewing the documents in question, denied Aetna's motion for protection and ordered it to produce Fernandez for deposition along with the documents requested.

The admission of evidence and the scope of discovery rests largely within the discretion of the trial court. *Jordan v. Court of*

1. We note that, while the record before us does not contain relators' defensive pleadings, it was pointed out at oral argument that attorney's fees were contested.

*Appeals for the Fourth Supreme Judicial District,* 701 S.W.2d 644, 649 (Tex.1985); *Ginsberg v. The Fifth Court of Appeals,* 686 S.W.2d 105, 108 (Tex.1985).

The present controversy reveals an apparent conflict within Tex.R.Civ.P. 166b. With regard to experts and reports of experts, Rule 166b(2)(e)(1) provides that a party may obtain discovery, among other things, of the subject matter on which he is expected to testify and the facts known to the expert which relate to or form the basis of the mental impressions and opinions held by the expert. In addition, Rule 166b(2)(e)(2) provides that a party may obtain discovery of all documents and materials prepared by an expert or for an expert in anticipation of the expert's trial and deposition testimony. However, Rule 166b(3) excludes from discovery certain categories of privileged information, including work product of an attorney, party communications, and matters covered by the attorney-client privilege under Tex.R.Civ.Evid. 503.

When, as in the present case, one of the designated expert witnesses is also a party or an employee of a party, and would otherwise be entitled to claim one of the specified privileges, a question arises concerning how these provisions of Rule 166b interact to either exempt or require discovery of relevant documents and materials.

■ In the present case, we believe that it is beyond question that the designation of Fernandez as an expert witness on Aetna's claims handling procedure waived any privilege that Aetna might assert to the specific matters that Fernandez relied upon as the basis for his testimony. In addition, the trial court was apparently of the opinion that any documents now in Fernandez' possession are discoverable as a result of his designation as an expert witness. We are unwilling at this time to hold that the designation of a person as an expert witness automatically waives all such privileges.

■ Nevertheless, we rely upon the general rule that the burden is on the party seeking to avoid discovery to plead the basis for exemption or immunity and to produce evidence supporting that claim.

*State v. Lowry,* 802 S.W.2d 669, 671 (Tex. 1991); *Jordan,* 701 S.W.2d at 648–49; Tex. R.Civ.P. 166b(4). The purpose of placing the burden on the party resisting discovery is to insure that the trial court has sufficient information before it to make an intelligent decision whether the privilege applies. This means a party should provide evidence to the trial court in the form of affidavits or testimony to establish the claimed privilege; albeit in some limited circumstances the documents themselves may, standing alone, constitute sufficient proof. *Id.* at 671; *Weisel Enterprises, Inc. v. Curry,* 718 S.W.2d 56, 58 (Tex.1986).

■ In addition, if the matter for which a privilege is sought has been disclosed to a third party, thus raising the question of waiver of the privilege, the party asserting the privilege has the burden of proving that no waiver has occurred. *Jordan v. Fourth Court of Appeals,* 701 S.W.2d 644, 649 (Tex.1985). We view the present case as analogous to disclosure to a third party of information claimed to be privileged. To the extent that Fernandez would testify concerning these matters as an expert witness, disclosure by him would have the same effect as disclosure to a third party, and would result in waiver of the privilege. Relators, therefore, must provide some reasonable means of segregating the documents which may form the basis of Fernandez' expert testimony or which he may rely upon in testifying.

This Aetna completely failed to do by affidavit or otherwise. Our examination of some of the 914 documents tendered for in camera inspection reveals a number of different subject matters, including attorney's fees, evaluation of potential witnesses and discussion of trial strategy. Even though these documents are segregated as to the general privilege asserted, they have not been segregated as to the various subjects which would or would not form the basis for Fernandez' expert testimony. Nor have relators presented any other evidence to enable the trial court to segregate the documents on which any privilege would be waived by Fernandez' testimony as an expert.

In addition, the scope of Fernandez' anticipated testimony is sufficiently broad to cause relators to concede in both their Original and their Supplemental Designation of Experts that "it is not practical to include all details concerning Mr. Fernandez' mental impressions, opinions and facts, this information will be supplemented with deposition testimony." If it is not practical for relators to include all details prior to deposition, it is equally impractical for the trial judge to rule prior to the deposition as to what should not be disclosed. Under the facts of this case, the burden was on relators to segregate the documents not only as to privilege asserted, but as to subject matters involving the privilege.

We hold the trial court did not abuse its discretion in overruling relators' motion for protective order.

Additionally, however, we would point out to the parties that we do not here decide whether the trial court's order requiring Aetna to produce Fernandez along with the documents requested at the deposition also requires Aetna to produce those documents to the opposing counsel without further action. Relators have contended that the order of the trial court requires it to "turn over" to respondent all matters brought forward by the subpoena duces tecum, without any further action on respondent's part. We note that the order of the trial court is limited to:

(1) Plaintiffs' Objections to the Affidavit of Ralph Fernandez are SUSTAINED.

(2) Defendants' Objection to Deposition Notice Duces Tecum With Respect to Ralph Fernandez, is OVERRULED and DENIED.

(3) Defendants' Supplemental Objection to Deposition Notice Duces Tecum With Respect to Ralph Fernandez is OVERRULED and DENIED.

(4) Defendants' Motion for Protection With Respect to the Oral Deposition of Ralph Fernandez is in all things DENIED.

(5) Defendants are ORDERED to produce the said Ralph Fernandez for deposition as noticed with each and all of the documents designated for production in the notice duces tecum.

This order speaks for itself and we express no opinion on the prospective rights and responsibilities of the parties relating to same.

Relators' Petition for Writ of Mandamus is DENIED.