LARRY RAY WELCH V. STATE OF TEXAS

07-00-0137-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 31, 2000 

______________________________

LARRY RAY WELCH,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE COUNTY CRIMINAL COURT AT LAW NO. 5 OF 
HARRIS COUNTY;

NO. 9944824; HON. E. JANICE LAW, PRESIDING

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Larry Ray Welch (appellant) appeals from a final judgment convicting him of driving while intoxicated.  His two points of error concern whether the trial court erred in overruling his motion to suppress.  We affirm.

Background

Police officers were dispatched to an accident scene.  Upon arriving, they found appellant sitting behind the steering wheel of his vehicle, with the engine off, hands in his lap, and his feet on the floorboard.  They could not determine what the vehicle had hit but supposed it to be a pole.  Appellant did not smell of alcohol.  There were nine beers in the car, all in a cooler in a portion of the car that the officers testified he could not reach while driving.

Appellant was taken to the hospital for treatment for his injuries.  Subsequently, the officers obtained a grand jury subpoena for his medical records, which records revealed a blood alcohol content over the legal limit.  Appellant was subsequently charged with and convicted of driving while intoxicated.

Issues

Grand Jury Subpoena Was A Sham

Through his first issue appellant contends that the grand jury subpoena was a “sham.”  Thus, the medical records obtained under its auspices were subject to suppression.  So too does he assert that the subpoena was tantamount to a warrant and that the officers lacked probable cause to support the issuance of a warrant; thus, issuance of the subpoena allegedly violated his right to be free of unreasonable searches.  We disagree and overrule the arguments.  

As to the matter of the need for probable cause, the Texas Court of Criminal Appeals addressed and rejected the issue in 
Hardy v. State
, 963 S.W.2d 516 (Tex. Crim. App. 1997).  There, it held that one does not have a reasonable expectation of privacy in blood test results obtained by subpoena where the tests were conducted by medical personnel solely for medical purposes.  
Id.
 at 527.  At bar, appellant does not suggest that the blood test was conducted by any one other than medical personnel.  Nor does he posit that they were conducted for reasons other than solely medical.  Thus, we conclude that 
Hardy
 applies to our circumstances and that appellant had no reasonable expectation of privacy in the records which would trigger the need for probable cause.

As to the matter of the grand jury subpoena being a “sham”, appellant cites us to no cases or other authority to support his argument.
(footnote: 1)   Nevertheless, our State legislature has authorized an “attorney representing the state, or the foreman [of a grand jury], in term time or vacation . . . [to] issue a summons or attachment for any witness in the county where they are sitting . . . .”  
Tex. Code Crim. Proc. Ann.
 art. 20.10 (Vernon 1977).  Next, the face of the subpoena at bar illustrates that it was issued 1) pursuant to an investigation by a grand jury, 2) by an assistant district attorney for Harris County, and 3) under the auspices of article 20.10.  Thus, sufficient evidence of record exists justifying the trial court’s decision to reject appellant’s attack upon the subpoena as a “sham.”
(footnote: 2) 

2. Physician-Patient Privilege

Through his second issue, appellant argues that the State violated the physician-patient privilege in obtaining the medical records.  We also reject this argument.

Like that involving probable cause addressed above, the present contention was similarly considered and rejected in 
Hardy
.  There, the court recognized that Rule 509 of the Texas Rules of Evidence eliminates the physician-patient privilege in criminal proceedings.  
Hardy v. State
, 963 S.W.2d at 519.  So too did it hold that the rule encompassed proceedings before a grand jury.  
Id.
  In other words, one does not have a physician-patient privilege in relation to 
investigations by a grand jury.  And, as illustrated above, the subpoena itself indicates that it was issued pursuant to a grand jury investigation.  This was not proved otherwise by the testimony of the assistant district attorney.  Admittedly, he stated that he could not remember if the grand jury was in session at the time.  Yet, a witness’s inability to recall a particular fact does not prove or disprove the existence of that fact.   In short, because appellant had the burden to prove the existence of the privilege, 
Jordan v. Court of Appeals
, 701 S.W.2d 644, 648-49 (Tex. 1985)

(stating that the burden to prove the existence of a privilege lies with the party asserting it), it would have been incumbent upon him to prove that the subpoena was not issued as part of a “criminal proceeding” 
(i.e.
 grand jury investigation).  This he did not do by merely showing that a witness could not recall if the grand jury was in session or that the documents obtained were not returned to a grand jury.

Accordingly, for the reasons stated above, we affirm the judgment.

Brian Quinn

   Justice

Do not publish.

FOOTNOTES
1:
1
 Appellant says nothing about whether the authority granted under article 20.10 of the Texas Code of Criminal Procedure encompasses the ability to issue subpoenas duces tecum.  Thus, we do not address that question.

2:
2 
Additionally, that the grand jury may or may not have been sitting at the instant the subpoena was issued does not alter our conclusion.  This is so because statute permits issuance of a subpoena during the grand jury’s “term time or vacation.”  
Tex. Code Crim. Proc. Ann
. art. 20.10 (Vernon 1977) (emphasis supplied).