stroud v. henerson

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-003-CV

STROUD OIL PROPERTIES, INC. APPELLANTS

AND STROUD INVESTMENTS 2001, LTD. 

V.

MICHAEL HENDERSON, ALINE PERRY, APPELLEES

PREDATOR COMPANY, L.L.C., NICK SPENCE, 

AND MIKE D. BRIGGS

------------

FROM THE 236
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellants, Stroud Oil Properties, Inc. and Stroud Investments 2001, Ltd., appeal the trial court’s refusal to unseal records from a prior case.  In six points, Appellants allege that the trial court erred when it: 
1) sealed the records of all proceedings conducted in open court because rule 76a only permits the sealing of documents and not court proceedings and because a hearing on a motion to seal the record should be open to the public and remain open to the public; 2) entered an order sealing the record that granted gag order type relief and that did not set forth the specific reasons for its findings, portions of the record that are to be sealed, and time period that the record should be sealed; 3) sealed the record because Appellees, Michael Henderson, Aline Perry, Predator Co., L.L.C., Nick Spence, and Mike D. Briggs, failed to show that there were no less restrictive means than sealing the entire record that would have adequately and effectively protected Appellees asserted interests as is required by rule 76a; 4) sealed the record because it erroneously sustained many of Appellees’ objections to Appellants’ questions at the October 18, 2002 hearing and in effect denied Appellants the right to participate in the hearing; 5) sealed the record because Appellees did not file a written motion required by rule 76a; and 6) sealed the record where Appellees did not file a notice of hearing that gave a specific description of the suit and did not give a specific description of the documents that were sought to be sealed.  We reverse and render.

FACTS

Appellants are plaintiffs and counter-defendants in a lawsuit against Appellees in Brazos County arising out of a dispute over an oil and gas development agreement.  At the same time as the Brazos County suit was pending, Appellees apparently had an internal disagreement about how to operate their business.  The dispute was focused primarily at how Appellees could best respond to Appellants’ suit in Brazos County.

Appellees filed suit in Tarrant County to resolve their dispute.  Throughout the suit, Appellees allegedly disclosed privileged information in open court.  Appellees settled the suit and filed a rule 76a motion to seal the record in an effort to prevent the privileged information from becoming public.  After a hearing, the trial court sealed the record.

Appellants learned of the suit in Tarrant County and attempted to gain access to the records claiming that the suit was held in open court and had to have some relationship with the suit in Brazos County.  When Appellants discovered that the court sealed the records, Appellants intervened in the case in an attempt to unseal the record.  The trial court continued to enforce its order sealing the record, and Appellants requested another rule 76a hearing under the theory that they did not receive proper notice of the first hearing.  After the hearing, the trial court ruled to keep the record sealed, and Appellants appealed.

RULE 76a HEARING

Appellants argue in their first point that the trial court erred in sealing all proceedings conducted in open court and in sealing the transcript from the April 26, 2002 hearing because rule 76a only permits the sealing of documents and not court proceedings and because a hearing on a motion to seal the record should be open to the public and remain open to the public.  Appellants further argue that the trial court erred in ruling that privileged information would be disclosed if the record was unsealed, because Appellees waived any privilege to information disclosed in open court.

To review a trial court's ruling on a motion to seal records, we employ an abuse of discretion standard.  
See Gen. Tire, Inc. v. Kepple
, 970 S.W.2d 520, 526 (Tex. 1998).  
To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable.  
See Carpenter v. Cimarron Hydrocarbons Corp.,
 98 S.W.3d 682, 687 (Tex. 2002); 
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).  Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.  
Downer
, 701 S.W.2d at 241-42.

An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence.  
Davis v. Huey
, 571 S.W.2d 859, 862 (Tex. 1978);
 see also Goode v. Shoukfeh,
 943 S.W.2d 441, 446 (Tex. 1997).  Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court’s decision.  
Butnaru v. Ford Motor Co., 
84 S.W.3d 198, 211 (Tex. 2002); 
Holley v. Holley
, 864 S.W.2d 703, 706 (Tex. App.—Houston [1
st
 Dist.] 1993, writ denied).

Rule 76a of the Texas Rules of Civil Procedure states:

Other court records, as defined in this rule, are presumed to be open to the general public and may be sealed only upon a showing of all of the following:

(a) a specific, serious and substantial interest which clearly outweighs:

(1) this presumption of openness;

(2) any probable adverse effect that sealing will have

 upon the general public health or safety;

(b) no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted.

Tex. R. Civ. P. 
76a.  The trial court in the instant case held that all of the requirements under rule 76a were met including the fact that there were specific, serious, and substantial interests to the parties in this matter in having all of the records sealed.  The court went on to hold that this interest clearly outweighed any presumption of openness and any probable adverse effects on the public.  The trial court then held that the documents in the court’s record revealed extensive attorney-client communications and work product under rule 503 of the Texas Rules of Evidence and rule 192.5 of the Texas Rules of Civil Procedure.  
See
 Tex. R. Evid.
 503 (stating that a client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client); 
Tex. R. Civ. P. 192.5 
(stating that, for purposes of these rules, an assertion that material or information is work product is an assertion of privilege).
  

Rule 511 of the Texas Rules of Evidence controls the disclosure of privileged information.  
Tex. R. Evid. 
511.  Rule 511 further provides for the waiver of these privileges when the information is voluntarily disseminated to a non-privileged person.  
See
 
id.  
(holding that a privilege is waived if the holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the privileged matter unless such disclosure itself is privileged); 
Jordan v. Court of
 
Appeals
 
for Fourth Supreme Judicial Dist.
, 701 S.W.2d 644, 649 (Tex. 1985) (orig. proceeding) (holding that once privileged matters are voluntarily disclosed, the privilege is waived). 

In the present case, Appellee disclosed the alleged privileged information to an open trial court.
  
See generally Jordan, 
701 S.W.2d at 649 (holding that the disclosure of hospital review committee documents to grand jury constituted a waiver of discovery privilege); 
see also Axelson, Inc. v. McIlhany
, 798 S.W.2d 550, 553-54 (Tex. 1990) (orig. proceeding)
 (holding that voluntary disclosure of attorney-client privilege and work product privilege waives the privilege)
.  Further, in a charge of waiver for privileged information, the person or entity claiming the privilege has the burden of showing that waiver did not occur.  
Giffin v. Smith
, 688 S.W.2d 112, 114 (Tex. 1985) (orig. proceeding)
; 
Riverside Hosp., Inc. v. Garza
, 894 S.W.2d 850, 853 (Tex. App.—Corpus Christi 1995, orig. proceeding
) (“The party asserting privilege has the burden of proof to establish the existence of the privilege.”).  Appellees, therefore, must show that the evidence was not waived through voluntary disclosure.  In this case, Appellees failed to meet this burden.  

We hold that Appellees waived any alleged privileged information when they voluntarily disclosed it in open court.  We further hold that Appellees failed to show a specific, serious, and substantial interest in sealing the record as is required under rule 76a.
  Tex. R. Civ. P. 
76a.  Therefore, no evidence of substantive and probative character existed to support the trial court’s decision.  
Butnaru, 
84 S.W.3d at 211.
  We hold that the trial court abused its discretion, and we sustain Appellants’ first point on appeal.

CONCLUSION

Having held that the trial court abused its discretion, we reverse the trial court’s order sealing the record and order that the trial court’s record in this case be opened to the public.
 

SAM J. DAY

JUSTICE

PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.

DELIVERED: June 19, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.