

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00574-CV

**IN RE EOG RESOURCES INC**

Original Mandamus Proceeding[1]

Opinion by:      Irene Rios, Justice

Sitting:          Rebeca C. Martinez, Chief Justice
                  Irene Rios, Justice
                  Lori I. Valenzuela, Justice

Delivered and Filed: April 15, 2026

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator EOG Resources, Inc. ("EOG") seeks mandamus relief from a discovery order requiring production of documents identified as items 3, 4, 5, 10, and 15 in its Second Amended Privilege Log. The trial court concluded EOG waived its attorney-client privilege and ordered the documents produced. We conditionally grant the petition for writ of mandamus.

### BACKGROUND

The underlying litigation concerns title to certain mineral interests and related royalty rights. The dispute has been pending in the Bexar County probate courts since 2015 and has been

---

[1] This proceeding arises out of Cause No. 2015-PC-2618, styled *Broadway National Bank, Trustee of the Mary Frances Evers Trust v. Yates Energy Corporation, EOG Resources, Inc., Jalapeno Corporation, Enerquest Oil & Gas, LLC, ACG3 Mineral Interests, Ltd., Glassell Non-Operated Interests, Ltd., Curry Glassell, Dke Dyersdale, Inc., Cathy Dohnalek, Walter H. Mengden, Jr., Whmiii Dubose, LLC., Joseph Mengden, Carl C. Mengden, Susan Mengden, Michael C. Mengden, Pati-dubose, Inc.*, pending in the Probate Court No. 3, Bexar County, Texas, the Honorable Barbie Scharf-Zeldes presiding.

the subject of prior appellate review. *See Yates Energy Corp. v. Broadway Nat'l Bank, Tr. of Mary Frances Evers Tr.*, 609 S.W.3d 140 (Tex. App.—San Antonio 2018), *rev'd and remanded*, 631 S.W.3d 16 (Tex. 2021); *Yates Energy Corp. v. Broadway Nat'l Bank, Tr. of Mary Frances Evers Tr.*, No. 04-17-00310-CV, 2022 WL 3047107, at *12 (Tex. App.—San Antonio Aug. 3, 2022, pet. denied) (mem. op.). Relevant to this mandamus proceeding, an issue in the case that remains unresolved is whether EOG acquired certain mineral interests as a bona fide purchaser.

During discovery, real party in interest Broadway National Bank ("Broadway") sought documents from EOG that could be relevant to this issue. EOG withheld some responsive documents as privileged attorney-client communications. To support its claims of privilege, EOG produced a privilege log identifying the documents it had withheld and submitted affidavits from corporate representatives describing the nature of the communications. EOG later tendered the disputed documents to the trial court for in camera inspection.

At a hearing on Broadway's motion to set EOG's privilege claims for rulings, the parties addressed several items on the privilege log, including items 3, 4, 5, 10, and 15. These materials consist of title opinions, attorney memoranda, and communications between EOG and its counsel concerning the status of the mineral interests at issue. After conducting an in camera review, the trial court signed an order finding EOG had waived its attorney-client privilege and requiring EOG to produce the documents. EOG then filed this petition for writ of mandamus challenging that order.

### MANDAMUS STANDARD

Mandamus is an extraordinary remedy available when the relator establishes (1) the trial court abused its discretion and (2) the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it fails to

correctly analyze or apply the law. *Walker*, 827 S.W.2d at 840. Discovery orders requiring disclosure of privileged information constitute an abuse of discretion when the privilege applies. *Id*. at 843. Because the disclosure of privileged information cannot be cured on appeal, mandamus relief is appropriate when a trial court erroneously orders privileged documents produced. *Id*.; *In re Texas Dep't of Transp.*, 639 S.W.3d 289, 293 (Tex. App.—San Antonio 2021, orig. proceeding).

## DISCUSSION

The parties dispute whether the trial court abused its discretion by concluding EOG waived its attorney-client privilege as to items 3, 4, 5, 10, and 15. They also dispute whether Broadway withdrew its request for rulings on certain of these items during the hearing.[1]

**1. Abuse of Discretion**

*A. Attorney-Client Privilege*

Texas Rule of Evidence 503 protects confidential communications between a client and its attorney made for the purpose of facilitating the rendition of legal services. TEX. R. EVID. 503(b). The privilege extends to communications between the lawyer and client as well as communications among their representatives concerning the subject of the representation. *In re XL Specialty Ins. Co.*, 373 S.W.3d 46, 49–50 (Tex. 2012) (orig. proceeding). A party asserting the privilege must present evidence establishing a prima facie claim of privilege. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding); *Jordan v. Court of Appeals*, 701 S.W.2d 644, 648–49 (Tex. 1985) (orig. proceeding). This burden may be satisfied by producing a privilege log and supporting affidavits describing the nature of the withheld documents. *In re Christus Santa Rosa*, 492 S.W.3d 276, 279.

Here, the record reflects EOG produced a detailed privilege log and affidavits from corporate representatives explaining the privileged nature of the communications. EOG also

---

[1] Because mandamus relief is warranted, we need not reach EOG's contention that Broadway withdrew its requests. *See* TEX. R. APP. P. 47.1.

tendered the disputed documents to the trial court for in camera review. This evidence established a prima facie claim of attorney-client privilege. The burden therefore shifted to Broadway to establish its assertion of waiver. *Id.*

### B.     Voluntary Disclosure

Broadway argues EOG waived its privilege by producing a redacted legal memorandum and related communications referencing legal advice concerning the same subject matter as the withheld documents. A privilege holder waives the privilege if it voluntarily discloses "any significant part of the privileged matter." TEX. R. EVID. 511(a)(1). However, waiver occurs only when the disclosure reveals a significant portion of the privileged communication itself. *In re Richardson Motorsports, Ltd.*, 690 S.W.3d 42, 58 (Tex. 2024) (orig. proceeding). Disclosure of the same subject matter does not waive the privilege unless the disclosure quotes from or unambiguously refers to and describes a significant portion of the privileged communication. *Univ. of Tex. Sys. v. Franklin Ctr. for Gov't & Pub. Integrity*, 675 S.W.3d 273, 288 (Tex. 2023). Further, the *use* of privileged information is not necessarily a waiver. *In re Patricia A. Mansell*, No. 04-99-00556-CV, 1999 WL 792690, at *3 (Tex. App.—San Antonio Oct. 6, 1999, orig. proceeding) (not designated for publication) (holding attorney's discussion of party's legal theories in letter to opposing counsel did not waive privilege to material supporting those legal theories).

The record shows that EOG produced a redacted version of a 2013 memorandum from EOG's title attorney, Paul Barker, which is described on its privilege log as "Legal memorandum discussing title" ("2013 Memorandum"). EOG also voluntarily produced an email dated October 3, 2013 ("October 2013 email"). The 2013 Memorandum contains a discussion of the 2006 Correction Mineral Deed, including legal advice to EOG regarding the invalidity of the deed and the need for EOG to obtain an Amended Correction Mineral Deed executed by all parties to the Deed. The October 2013 email states, "…our title attorney has advised the need for an Amended

Correction Mineral Deed for the referenced Trust." Broadway argues that disclosure of the 2013 Memorandum and the October 2013 email waived EOG's attorney-client privilege as to the withheld items.

We have reviewed the withheld documents, which EOG filed under seal. We hold EOG did not waive its attorney-client privilege as to any of the withheld items (items 3, 4, 5, 10, and 15) because the 2013 Memorandum and the October 2013 email do not constitute disclosure of a "significant part" of these privileged communications. The creation of the 2013 Memorandum does not depend or rely upon the information or content of any of the withheld items. Nor does the 2013 Memorandum quote from or reveal a significant part of the privileged material. As to the October 03, 2013 email, it is an internal communication, in which EOG discusses legal theories based on the advice of its attorney. The email does not disclose the underlying legal advice. To the extent the memorandum and email reflect that EOG used its counsel's legal advice, this use does not constitute waiver. *See Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 163 (Tex. 1993) (orig. proceeding).

### C.    *Offensive-Use Waiver*

Broadway also contends EOG waived privilege through offensive use. Offensive-use waiver applies when (1) the party asserting the privilege seeks affirmative relief, (2) the privileged information would probably determine the outcome of the cause of action asserted, and (3) the evidence is otherwise unavailable. *See Republic Ins. Co.*, 856 S.W.2d at 163.

The first requirement is not satisfied here. EOG is defending against Broadway's claims and asserting defenses. EOG is not seeking affirmative relief.

> To qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action, independent of the plaintiff's claim, on which it could recover benefits, compensation or relief, even though the plaintiff may abandon its cause of action or fail to establish it.

*General Land Office v. Oxy U.S.A., Inc*., 789 S.W.2d 569, 570 (Tex.1990) (citations omitted); *see Toyo Seat Co., Ltd. v. Garcia*, No. 04-07-00427-CV, 2008 WL 182505, at *2 (Tex. App.—San Antonio Jan. 23, 2008, no pet.). A party's defensive posture does not constitute a request for affirmative relief for purposes of offensive-use waiver. *See BHP Petroleum Co. Inc. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990) (orig. proceeding).

Accordingly, the record does not support a finding that EOG waived its attorney-client privilege as to the withheld items through voluntary disclosure or through offensive use, and we hold the trial court abused its discretion by ordering the disclosure of the privileged items. *See Walker*, 827 S.W.2d at 843.

## 2.    Adequate Remedy by Appeal

An order requiring disclosure of privileged communications leaves the privilege holder without an adequate remedy by appeal because the confidentiality of the communications cannot be restored once the information is disclosed. *Walker*, 827 S.W.2d at 843. Here, mandamus relief is appropriate because the trial court's order requires the disclosure of EOG's privileged communications.

### CONCLUSION

The record does not support the trial court's determination that EOG waived the attorney-client privilege as to items 3, 4, 5, 10, or 15. The trial court therefore abused its discretion by ordering production of those documents.

We conditionally grant the petition for writ of mandamus and direct the trial court to vacate its order requiring production of items 3, 4, 5, 10, and 15 from EOG's Second Amended Privilege Log. The writ will issue only if the trial court fails to comply.

Irene Rios, Justice